UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| TRACY ANDRIANO, | ) |
|    Plaintiff, | ) Docket No. 3:15-CV-0863 |
| v. | ) |
| | ) JUDGE HAYNES |
| TYSON FOODS, INC., | ) MAGISTRATE JUDGE HOLMES |
| TYSON FRESH MEATS, INC., | ) |
| a subsidiary of Tyson Foods, Inc. | ) JURY DEMAND |
|    Defendants. | ) |

## ANSWER

Defendants Tyson Foods, Inc. and Tyson Fresh Meats, Inc. (collectively referred to as "Tyson") hereby file this Answer to the Plaintiff's Complaint and state:

### JURISDICTION AND VENUE

1. This paragraph does not contain allegations to which Tyson is required to respond, but any implied allegations in this paragraph about the merits of Plaintiff's claims are denied.

2. This paragraph does not contain allegations to which Tyson is required to respond, but Tyson states that it does not contest subject matter jurisdiction.

3. This paragraph does not contain allegations to which Tyson is required to respond, but Tyson states that it does not contest subject matter jurisdiction.

4. This paragraph does not contain allegations to which Tyson is required to respond, and the allegations in this paragraph are not applicable as Plaintiff has not alleged any

state law claims. Any implied allegations in this paragraph about the merits of Plaintiff's claims are denied.

5. This paragraph does not contain allegations to which Tyson is required to respond, but Tyson states that it does not contest venue.

## PARTIES

6. Admitted upon information and belief.

7. Admitted.

8. Admitted.

## GENERAL FACTUAL ALLEGATIONS

9. Answering the first sentence of this paragraph, Tyson admits that Plaintiff was a female employee, hired on October 15, 2013 as an Registered Nurse (RN) in the Health Services Department at the Goodlettsville Plant, which is located at 201 Cartwright Street, Goodlettsville, Tennessee 37072. The allegations in the second sentence of this paragraph are admitted. Any allegations in this paragraph that are inconsistent with or exceed the scope of the foregoing limited admissions are denied.

10. The allegations in the first sentence of this paragraph are admitted. The allegations in the second sentence of this paragraph are admitted, except Tyson states that Plaintiff received a pay increase 96 days after she began her employment instead of 90 days thereafter, as alleged. The allegations in the third sentence of this paragraph are denied.

11. The allegations in the first sentence of this paragraph are admitted. The allegations in the second sentence of this paragraph are denied.

12. Denied.

13. Answering the first sentence of this paragraph, Tyson admits that Plaintiff was asked to attend an accident investigation on the production floor, but the meeting happened in November 2013 rather than in December 2013, as alleged. Answering the second sentence of this paragraph, Tyson admits that Steve Ligon and James Ewing were present for the accident investigation. Any allegations in this paragraph that are inconsistent with or exceed the scope of the foregoing limited admissions are denied.

14. Tyson admits that Mr. Ewing allegedly made a comment to Plaintiff that was reported to Human Resources and an investigation was initiated and completed. Any allegations in this paragraph that are inconsistent with or exceed the scope of the foregoing limited admissions are denied.

15. Tyson admits that Maria Dorris was hired effective February 25, 2014, but denies the remaining allegations of this paragraph.

16. Tyson is without knowledge or information sufficient to form a belief regarding the allegations in this paragraph, and therefore denies them.

17. Tyson admits that Valon Arifi and Driton Gashi are brothers-in-law, but is without knowledge or information sufficient to form a belief about the remaining allegations in this paragraph, and therefore denies them.

18. Tyson is without knowledge or information sufficient to form a belief about the allegations in this paragraph, and therefore denies them.

19. Denied.

20. Answering the first sentence of this paragraph, Tyson admits that on April 11, 2014, Plaintiff reported to Simona Thomas that Driton Gashi would stop by Health Services to socialize, which was preventing Plaintiff from completing her work because she felt obligated to

3

N MMS01 1561015 v1
0-0 09/24/2015

Case 3:15-cv-00863   Document 9   Filed 09/25/15   Page 3 of 10 PageID #: 26

interact with Mr. Gashi. Answering the second sentence of this paragraph, Tyson admits that Ms. Thomas emailed Steven Voller about Mr. Gashi's visits to Health Services. Any allegations in this paragraph that are inconsistent with or exceed the scope of the foregoing limited admissions are denied.

21. The allegations in the first sentence of this paragraph are denied. Tyson is without knowledge or information sufficient to form a belief about the allegations in the second sentence of this paragraph, and therefore denies them.

22. Denied.

23. Tyson is without knowledge or information sufficient to form a belief about the allegations in this paragraph, and therefore denies them.

24. Tyson admits that Plaintiff signed a "Complaint Resolution Follow Up" on April 16, 2014, but denies the remaining allegations in this paragraph.

25. Tyson is without knowledge or information sufficient to form a belief about the allegations in this paragraph, and therefore denies them.

26. Denied.

27. Tyson admits that on May 5, 2014, a team member went to Health Services to report that she did not want to work on Line 18 since she was recently recovering from a work-related wrist injury. Any allegations in this paragraph that are inconsistent with or exceed the scope of the foregoing limited admissions are denied.

28. Tyson is without knowledge or information sufficient to form a belief about Plaintiff's motivation for reporting the alleged issue to Human Resources instead of to Ms. Thomas, and therefore denies these allegations.

29. Tyson admits that on May 6, 2014, Ms. Thomas and Ms. Cooper met with Plaintiff, but denies the remaining allegations in this paragraph.

30. Denied. The allegations in this paragraph do not accurately describe the meeting between Plaintiff, Ms. Thomas, and Ms. Cooper.

31. Denied. The allegations in this paragraph do not accurately describe the meeting between Plaintiff, Ms. Thomas, and Ms. Cooper.

32. Tyson admits that during the meeting, Complex HR Manager Gary Denton entered the conference room and encouraged Plaintiff to express any and all issues she had so they could be addressed. Tyson further admits that Plaintiff stated she would contact the Tell Tyson First Helpline. Any allegations in this paragraph that are inconsistent with or exceed the scope of the foregoing limited admissions are denied.

33. Denied. The allegations in this paragraph do not accurately describe the meeting between Plaintiff, Ms. Thomas, and Ms. Cooper.

34. Tyson admits that Ms. Cooper requested that Plaintiff prepare a written statement of her concerns related to Mr. Gashi, but denies the remaining allegations in this paragraph as they do not accurately describe the interactions between Ms. Cooper and Plaintiff.

35. Tyson admits that Plaintiff called Ms. Thomas and that Ms. Dorris was present in the Health Services Department at this time, but denies the remaining allegations in this paragraph.

36. Tyson admits that Plaintiff wrote a statement to Ms. Cooper on May 7, 2014, but denies the remaining allegations in this paragraph.

37. Tyson admits that Plaintiff called the company hotline on May 8, 2014 and May 15, 2014, but denies the remaining allegations in this paragraph.

N MMS01 1561015 v1
0-0  09/24/2015

38. Denied.

39. Tyson is without knowledge or information sufficient to form a belief about the allegations in this paragraph, and therefore denies them.

40. Tyson admits that Plaintiff filed an EEOC charge, but states that it is without knowledge or information sufficient to form a belief as to whether Plaintiff received a right to sue letter from the EEOC, and therefore denies that allegation.

## COUNT ONE

### Alleged Violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e

41. Tyson reaffirms and incorporates all of its responses to paragraphs 1 through 40 of the Complaint as though fully set forth herein.

42. Admitted.

43. Defendant admits that Plaintiff is a member of a protected class under Title VII, but denies the remaining allegations in this paragraph.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT TWO

### Retaliation in Violation of Title VII

50. Tyson reaffirms and incorporates all of its responses to paragraphs 1 through 49 of the Complaint as though fully set forth herein.

6

51. Denied.

52. Denied.

53. Denied.

54. Tyson denies that Plaintiff is entitled to any of the relief requested in the seven separately-numbered paragraphs at page 9 of the Complaint.

55. Any allegations in Plaintiff's Complaint that have not been expressly admitted or denied above are hereby denied.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint should be dismissed in whole or in part for failure to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

3. Tyson cannot be held liable to the Plaintiff for acts or omissions of Tyson's employees that occurred outside the scope of their employment. While Tyson expressly denies that any of its employees, officers, or agents acted in any manner that was contrary to law, if Plaintiff's rights were violated, any such violation occurred outside the scope of the employment or agency of the offending employee, officer, or agent, and without the consent, authorization, or ratification of Tyson, and thus Tyson cannot be held liable to the Plaintiff through principles of agency, *respondeat superior*, or otherwise.

4. Even if Plaintiff can prove conduct by a co-worker that rose to the level of actionable sexual harassment, Tyson is not liable for the co-worker's conduct because it did not know or have reason to know of the conduct before it allegedly occurred, and, when Plaintiff

complained, Tyson took prompt and appropriate corrective action that was reasonably calculated to end any further harassment.

5. If the Plaintiff is able to prove that her work environment was sexually hostile, and if she is able to prove the hostile environment was created by or contributed to by one or more of her supervisors, Tyson is not liable because it exercised reasonable care to prevent and/or promptly correct any harassing behavior by Plaintiff's supervisors and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Tyson or to avoid harm otherwise.

6. Any claims arising from Plaintiff's allegations at Paragraph 13 and 14 of her Complaint must be dismissed because Plaintiff did not exhaust her administrative remedies. Plaintiff did not file a charge of discrimination with the EEOC pertaining to those allegations.

7. In the event that Tyson discovers or otherwise learns of evidence to which the After-Acquired Evidence Doctrine applies, Plaintiff shall be then and thereafter barred or limited from recovery or remedy pursuant to said doctrine.

8. Plaintiff has not alleged any basis for the imposition of punitive damages in this case. Unless Plaintiff demonstrates Tyson's alleged liability for the punitive damages and the appropriate amount of punitive damages, any award of punitive damages would violate various provisions of the United States Constitution.

9. Plaintiff's request for equitable relief and damages should be denied in whole or in part due to her failure to mitigate her lost wages and benefits and other damages.

10. Any claim for monetary relief by the Plaintiff must be reduced or denied in an amount equal to Plaintiff's interim earnings; by any amount Plaintiff would have earned with

reasonable diligence; or by Plaintiff's failure or refusal, for whatever reason, to be available for work after the termination of her employment by Tyson.

11. Plaintiff's Complaint may be barred by additional affirmative or other defenses, including those contemplated by Federal Rule of Civil Procedure 8, which cannot be determined at this time without the benefit of discovery. Tyson therefore reserves the right, subject to the Court's approval, to amend this Answer and plead additional defenses at the conclusion of discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Tyson requests judgment in its favor and against Plaintiff for its reasonable attorneys' fees and costs incurred in the defense of this action, and for any other relief the Court deems just and proper.

Respectfully submitted,

/s Kenneth A. Weber
Kenneth A. Weber, BPR No. 015730
Megan M. Sutton, BPR No. 29419
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
kweber@bakerdonelson.com
msutton@bakerdonelson.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

       I hereby certify that on September 25, 2015, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

       Andy L. Allman
       R. Patrick Parker
       Andy L. Allman & Associates
       131 Saundersville Road, Suite 110
       Hendersonville, TN 37075

                                 s/ Kenneth A. Weber