UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| TRACY ANDRIANO, | ) | Docket No. 3:15-CV-0863 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CRENSHAW |
| v. | ) | MAGISTRATE JUDGE HOLMES |
| | ) | |
| TYSON FOODS, INC., | ) | JURY DEMAND |
| TYSON FRESH MEATS, INC., | ) | |
| a subsidiary of Tyson Foods, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR FIRST MOTION
*IN LIMINE* TO EXCLUDE INADMISSIBLE TESTIMONY OF CAYMAN CARROLL**

Defendants Tyson Foods, Inc. and Tyson Fresh Meats, Inc. (collectively referred to as "Tyson") offer this Memorandum in Support of Their First Motion *in Limine*. Tyson requests that this Court enter an Order excluding inadmissible testimony by Cayman Carroll ("Carroll") regarding (1) what Plaintiff told her about Driton Gashi ("Gashi"); (2) how she believes other female employees felt around Gashi; and (3) her belief that Tyson treats men better than women. As grounds for this motion, Tyson submits that such testimony should be excluded pursuant to Federal Rules of Evidence 402, 403, or 802.

## I.  BACKGROUND

Carroll worked for Tyson as an Operations Associate on A Shift beginning in January 2014. [Doc. No. 37-3 at 13:10-15, 15:1-6]. On March 2, 2014, she was promoted to Production Supervisor on B Shift, and worked in this role until her termination in March 2015. [Doc. No. 37-3 at 15:13-16, 25:5-10]. In June 2016, Plaintiff procured an affidavit from Carroll, which she refused to produce during discovery claiming that the affidavit was work product. Plaintiff then

filed Carroll's affidavit in support of her Response in Opposition to Tyson's Motion for Summary Judgment. [Doc. No. 37-4]. In the affidavit, Carroll makes numerous statements about what Plaintiff told her about Gashi. [*See* Doc. No. 37-4 ¶¶ 12, 13, 14, 15]. She also makes general, speculative statements that other women felt uncomfortable around Gashi. [*See* Doc. No. 37-4 ¶ 9]. Finally, Carroll's affidavit contains statements based on her personal grievances with Tyson that are irrelevant to Plaintiff's claims in this lawsuit, and if admitted would be unfairly prejudicial, including:

- "At Tyson, men were respected and not disciplined, while the women were seen as inferior because there were only three of us in operations. As women, we had to keep our heads down and not say too much or volunteer information." [Doc. No. 37-4 ¶ 21].

- "If the three of us women were outspoken about anything or challenged the status quo, the male supervisors would ignore us. For instance, I once needed to change some things on my line in order to alleviate language barriers and communicate with my team members better. However, because I am a woman, the male supervisors would not listen to me." [Doc. No. 37-4 ¶ 22].

- "The managers, who were all male, would not address any problems that I had at the workplace. Tyson created a hostile working environment for women. Women were not treated as well as men at Tyson." [Doc. No. 37-4 ¶ 23].

Tyson anticipates that Plaintiff will attempt to elicit testimony from Carroll at trial that is consistent with her affidavit. Such testimony, however, is improper and should be excluded for the following reasons.

4851-1951-9560 v1
2826048-000021 07/17/2017

## II. LEGAL ARGUMENT

### A. What Plaintiff Told Carroll About Gashi is Inadmissible Hearsay

Plaintiff will testify regarding Gashi's purported conduct. Tyson expects that Plaintiff will then call Carroll to the stand and elicit similar testimony concerning what Plaintiff told Carroll about Gashi in an attempt to bolster Plaintiff's testimony. Although Carroll may testify about what she personally observed, Carroll's testimony about what Plaintiff told her is hearsay to which no exception applies. *See State v. Turnmire,* 762 S.W.2d 893, 897 (Tenn. Crim. App. 1988) (defense witness not permitted to repeat defendant's prior statements; statements were self-serving and did not qualify as admission since were not used by opposing party).

"Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c); *see also United States v. Childs,* 539 F.3d 552, 559 (6th Cir. 2008). Plaintiff, through Carroll, is offering these statements about Gashi's conduct to prove that the events actually occurred (i.e. that Gashi brought Plaintiff candy). It is conceivable that Plaintiff will try to argue that this testimony is admissible as a "party statement." However, Plaintiff's statements to Carroll are not admissible as party statements unless they are introduced at trial by Tyson. *See* Fed. R. Evid. 801(d)(2) (an opposing party's statement is not hearsay if offered *against* the opposing party). Accordingly, Plaintiff's statements to Carroll are impermissible hearsay and no exception under the Federal Rules of Evidence applies to permit their admission.

### B. Testimony About Carroll's Belief that Other Women Felt Uncomfortable Around Gashi is Inadmissible Hearsay

Testimony about Carroll's belief that other women felt uncomfortable around Gashi should be excluded because she does not have personal knowledge of other employees' feelings.

3

First, if Carroll is basing her conclusions on things that other employees said to her, these statements are inadmissible hearsay for the reasons discussed above. Second, even if Carroll is basing these conclusions on her observation of other employees reactions to Gashi, this too would be inadmissible hearsay as a declarant's nonverbal conduct is still considered hearsay if it is intended as an assertion. *See* Fed. R. Civ. P. 801(a).

### C. Carroll's Personal Grievances Against Tyson and Her Belief that Men Were Treated Better Than Women are Irrelevant and Unfairly Prejudicial

Tyson requests that the Court exclude any testimony from Carroll regarding her belief that Tyson treats men more favorably than women. Such testimony is irrelevant to Plaintiff's claims of sexual harassment by her co-workers (Ewing and Gashi) and retaliation related to her complaints of sexual harassment against these individuals. Evidence is only relevant if it makes the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Carroll's personal belief that Tyson treats men more favorably than women based on her experience as a Production Supervisor makes no fact of consequence to this action more or less probable.

Further, even if such evidence were relevant, the Court may exclude it if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or if it could mislead the jury. *See* Fed. R. Evid. 403. Carroll's allegations attempt to improperly paint Tyson as fostering a culture that discriminates against women based solely on her experience as a Production Supervisor. If Carroll is allowed to testify regarding her personal grievances against Tyson, she will essentially convert the trial about Plaintiff's treatment into a trial about herself, requiring Tyson to call witnesses to rebut Carroll's allegations about her

4

particular circumstances. *See Schrand v. Fed. Pac. Elec. Co.*, 851 F.2d 152, 156 (6th Cir. 1988) (noting that trial courts regularly prohibit "me too" evidence from or about other employees who claim discriminatory treatment because it is highly prejudicial and only slightly relevant). Further, Carroll's testimony on this point does not even rise to the level of "me too" evidence because it does not involve sexual harassment that she claims to have experienced. Instead, her testimony focuses on an entirely different set of facts, involving different Tyson personnel. Introduction of evidence related t Carroll's purported issues with Tyson serves no legitimate purpose except to unfairly prejudice the jury and confuse the issues. As a result, such evidence should be excluded.

### III. CONCLUSION

For all of these reasons, Tyson respectfully submits that the Court should grant this Motion *in Limine* and enter an Order excluding Plaintiff from eliciting inadmissible testimony from Ms. Carroll at the trial of this matter regarding (1) what Plaintiff told her about Gashi; (2) how she believes other female employees felt around Gashi; and (3) her belief that Tyson treats men better than women.

5

Respectfully submitted,

s/Megan M. Sutton
Kenneth A. Weber, BPR No. 015730
Megan M. Sutton, BPR No. 029419
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Telephone: (615) 726-5760
Facsimile: (615) 744-5760
Email: kweber@bakerdonelson.com
Email: msutton@bakerdonelson.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2017, a copy of Defendants' Memorandum of Law in Support of Their First Motion in *Limine* to Exclude Inadmissible Testimony of Cayman Carroll was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

R. Patrick Parker, BPR No. 016847
Parker & Associates
1517 Hunt Club Blvd.
Gallatin, Tennessee 37075
Email: pparker@hardaway.net

Attorneys for Plaintiff

s/ Megan M. Sutton
Megan M. Sutton

4851-1951-9560 v1
2826048-000021 07/17/2017