# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| **TRACY ANDRIANO,** | ) Docket No. 3:15-CV-0863 |
| **Plaintiff,** | ) |
| | ) **JUDGE CRENSHAW** |
| v. | ) **MAGISTRATE JUDGE HOLMES** |
| | ) |
| **TYSON FOODS, INC.,** | ) **JURY DEMAND** |
| **TYSON FRESH MEATS, INC.,** | ) |
| a subsidiary of Tyson Foods, Inc. | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER FIRST MOTION *IN LIMINE* TO EXCLUDE OPINION TESTIMONY REGARDING MISSING EVIDENCE AND FOR AN ADVERSE INFERENCE JURY INSTRUCTION

COMES now Plaintiff, by and through counsel, pursuant to Fed. R. Civ. P. 16.01(b)6, and HEREBY moves *in limine* to bar the introduction of any witnesses' opinion testimony regarding the subject matter video surveillance related to Plaintiff and for an adverse influence and spoliation of evidence jury instruction regarding missing evidence of video surveillance related to Plaintiff. In support thereof, Plaintiff states as follows:

### I. BACKGROUND

Plaintiff sent Defendant its First Set of Interrogatories and Requests for Production of Documents on November 5, 2015, to which Defendant provided responses on January 26, 2016. In her Requests, Plaintiff requested certain pertinent documents from Defendant regarding video surveillance related to Plaintiff, specifically: No 20: "Please produce any and all

1

photographs, negatives, recordings and/or videotapes of Plaintiff.;" No 21:" any and all photographs, negatives, recordings and/or videotapes of activity in or around the window to the nurses' office while Plaintiff was on duty;" and No. 22. "any and all photographs, negatives, recordings and/or videotapes of Driton Gashi in or around the window to the nurses' office." (Exhibit A.)

Defendant did not produce the documents, but instead responded with the following: regarding No. 20, "Defendant is still investigating this matter and reserve the right to supplement this response as additional information becomes known." Regarding No. 21: "Defendants object to this request on the grounds that the information requested is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving their objections, Defendants state they are still investigating this matter and reserve the right to supplement this response as additional information becomes known." Finally, regarding No. 23, "Defendants object to this request on the grounds that the information requested is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving their objections, Defendant states it is still investigating this matter and reserve the right to supplement this response as additional information becomes known." (Exhibit B.)

In a letter dated June 8, 2016, counsel for Defendant reported that Defendant was "unable to locate any materials responsive to these requests which relate to the parties' claims of defenses." Defendant provided no further explanation regarding the missing materials. (Exhibit C.) At the time of the filing of this Motion, Defendant's counsel has not produced the requested electronic documentation.

2

## II.   LEGAL ARGUMENT

Defendant's witnesses should not be allowed to offer their opinion where they lack a foundation in personal knowledge. Witnesses should also not be allowed to offer hearsay evidence.

A. <u>WITNESSES MAY NOT GIVE OPINION TESTIMONY REGARDING THE CONTENTS OF THE VIDEO SURVEILLANCE.</u>

Any witnesses' opinion testimony regarding the subject matter video surveillance related to Plaintiff should be barred as inadmissible pursuant to Rule 701 of the Federal Rules of Civil Procedure. Rule 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. It is hornbook law that lay persons cannot offer speculative opinions as evidence. *Id*.

Instead, lay witnesses must possess "first-hand, personal knowledge." *JGR, Inc. v. Thomasville Furniture Indust., Inc.*, 370 F.3d 519, 526 (6th Cir. 2004); *see also Fossyl v. Milligan*, 317 F. App'x 467, 472 (6th Cir. 2009) (lay testimony not based on perception is inadmissible). A party's mere "belief" or speculation is not based on personal knowledge and is not competent evidence. *E.g.*, *Riley v. Univ. of Alabama Health Services Foundation, P.C.*, 2014 WL 66471, at *4 (N.D. Ala. Jan. 8, 2014) (citing *Gen. Longshore v. Pate Stevedore*, 41 F.3d 668 (11th Cir. 1994) ("Belief, no matter how sincere, is not equivalent to knowledge"); Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

3

Here, any witnesses' opinion testimony regarding the subject matter video surveillance related to Plaintiff employees is inadmissible under Federal Rules of Evidence 602, 701, and 801(c). Accordingly, the Court should limit witnesses' testimony only to those subjects of which they have the requisite personal knowledge.

### III. CONCLUSION

Witnesses' opinion testimony regarding the subject matter video surveillance related to Plaintiff employees is inadmissible under Federal Rules of Evidence 602, 701, and 801(c). Accordingly, the Court should limit witnesses' testimony only to those subjects of which they have the requisite personal knowledge. Plaintiff moves this Honorable Court to bar the introduction of any witnesses' opinion testimony regarding the subject matter video surveillance related to Plaintiff and for an adverse influence and spoliation of evidence jury instruction regarding missing evidence of video surveillance related to Plaintiff

Respectfully submitted,

**Parker & Associates**

*/s/ R. Patrick Parker*
R. Patrick Parker, BPR # 16847
1517 Hunt Club Boulevard
Gallatin, TN 37075
Telephone: (615) 724-5291
Facsimile: (615) 590-4211
pparker@pparkerlaw.com

## CERTIFICATE OF SERVICE

       I hereby certify that I have this day served, via the Middle District ECF filing system, a true and correct copy of the foregoing pleading upon counsel for the parties, as follows:

Kenneth A. Weber, BPR No. 015730
Megan M. Sutton, BPR No. 029419
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Telephone: (615) 726-5760
Facsimile: (615) 744-5760
Email: kweber@bakerdonelson.com
Email: msutton@bakerdonelson.com

*Attorneys for Defendants*

                                        */s/ R. Patrick Parker*
                                        Robert Patrick Parker